## IN THE MATTER OF THE ESTATE OF R. W. HOLT, deceased.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 7, 1902.                DECIDED APRIL 7, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The absence of a transcript of the evidence is not sufficient ground for the dismissal of an appeal when the transcript is not necessary to a disposal of the case on its merits.

If a trustee has overpaid a beneficiary entitled to the income for life, he or his successor in the trust may recoup himself out of future income to which such beneficiary would otherwise be entitled.

OPINION OF THE COURT BY FREAR, C.J.

The appellees first moved to dismiss the appeal on the ground that no transcript of the evidence was on file. We held that that was not sufficient ground unless the evidence was necessary to enable the court to dispose of the appeal on its merits and that the absence of the evidence would merely deprive the appellant of its benefit in so far as he might be obliged to rely on it. The case was then heard on its merits and we are of the opinion that the evidence is not needed in this court under the circumstances.

The main question is whether, when one trustee has overpaid beneficiaries entitled to the income for life, a succeeding trustee may withhold from those beneficiaries an equal amount of the income to make good the corpus of the trust for the benefit of the remaindermen.

The last annual account of the former trustee had been approved, his resignation accepted, and Henry Smith, the present trustee, appointed, and the former trustee ordered to file a supplementary account to date, which he did, but that account had not been approved. The present trustee in his first annual account showed that he withheld from the income of the estate $2,114.70 which he contended his predecessor in the trust had overpaid out of the corpus to the life beneficiaries, J. D. and J. R. Holt. These beneficiaries objected and the matter was referred to a master, who found that the amount in dispute had been paid to them by the former trustee in excess of the income actually received during the period covered by the supplementary account, though the amount was due and collectible at the time of the transfer to the new trustee, and that this came about because the beneficiaries needed income monthly while the rents and interest which made up the income of the trust were payable semi-annually, and also because there had been some delay in collecting the rent on a new lease owing to delay in the execution of the lease on account of the temporary absence of one of the lessors. No exceptions were taken to the master's findings of fact, but it was contended, and the Judge held, that as the former trustee had paid out of the estate what he was not authorized by law to pay, it must be regarded as a personal advance, that he could not reimburse himself out of subsequent income but that he stood in the position of any other creditor and that his successor in the trust could not act as a collector for him out of the trust funds and that he should pay over to the life beneficiaries the amount in dispute. The trustee appealed.

It seems to us that sufficient regard was not paid to the nature of a trust and the duties of trustees and those who acquiesce in or profit by a breach of the trust. The trustee was trustee for

the remaindermen as well as for the life beneficiaries. The latter received the whole benefit of the breach. The new trustee was not acting merely as a collector for his predecessor but for the benefit of the remaindermen. There can be no doubt that if there had been no change of trustees, the trustee could retain future income to the amount of the overpayments. In *Livesey v. Livesey*, 3 Russ. 287, an executrix who had prematurely paid an annuity to one beneficiary for two years out of what was payable to another beneficiary, was allowed to retain the amount out of future installments. "The effect of the order" was merely that the "sum, so paid, shall be considered in account with the executrix, and taken as a part-payment of the bequest as now ascertained." See also *Dibbs v. Goren*, 11 Beav. 483; *Cooper v. Pitcher*, 4 Hare 485; *Jacubs v. Rylance*, L. R. 17 Eq. Cas. 343; *Booth v. Booth*, 1 Beav. 126; *Greenwood v. Wakeford, Id.* 576; 2 Perry, Trusts, § 931; Lewin, Trusts, 8th ed., p. 356. We cannot see any satisfactory reason for holding differently where there has been a change of trustees. The duty of the trustee to the remaindermen is the same and the liability of the beneficiaries who received the benefit of the misapplication is the same. See *Greenwood v. Wakeford, supra*; *Woodyatt v. Gresley*, 8 Sim. 180.

The appeal is sustained, the order appealed from reversed and the case remitted to the Circuit Judge for further proceedings consistent with the foregoing opinion.

*Fitch & Thompson* for the *cestuis que trust*.

*Holmes & Stanley* for the trustee.