*Henry E. Cooper* for garnishee.

---

## CHING TAM SHEE, EXECUTRIX UNDER THE WILL OF C. WINAM, DECEASED, *v.* WILLIAM A. HALL.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 14, 1908.        DECIDED SEPTEMBER 25, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

LANDLORD AND TENANT—*equity—relief against forfeiture.*

> In the absence of fraud, accident, mistake, or surprise, equity will not relieve against the forfeiture of a lease for breaches of covenants to repair buildings and to build and maintain sidewalks.

#### OPINION OF THE COURT BY WILDER, J.

This is an appeal by plaintiff from a decree sustaining a demurrer to plaintiff's amended bill in equity to relieve against the forfeiture of a lease which was made by the defendant to one C. Winam in 1903.   Winam died in the early part of this year and plaintiff was appointed executrix under his will on April 14, 1908, three days after which appointment the defendant brought an action against her under the summary proceeding statute (R. L. ch. 133) to forfeit the lease for alleged breaches by Winam in his lifetime of the following convenants, namely, (1) to deposit with the lessor insurance policies of the buildings on the premises, (2) to pay the taxes for the year 1907,

(3) to keep the premises in good and tenantable order and condition, and (4) to build, maintain and repair the sidewalks and curbing about the premises. On April 27, 1908, judgment was rendered in favor of the lessor and on the next day he was put in possession of the premises and plaintiff evicted, after which an appeal was taken to the circuit court, jury waived, which is still pending and undetermined. It is alleged that these breaches were committed without the knowledge of plaintiff and without her fault and with the consent and acquiescence of the defendant, and plaintiff offers to conform to and abide by the covenants in question. It is further alleged that no damage has accrued to defendant other than such as will be fully compensated for by the compliance with the covenants; that unless relief is given it will be a great hardship on plaintiff as she will otherwise be left homeless and in destitute circumstances; that until after the death of Winam no complaint was made of the violation of any of the covenants and no action was instituted to forfeit the lease; and finally that defendant has waived all breaches by accepting rent up to April 20, 1908. The defendant demurred to the amended bill for want of equity and the demurrer was sustained. Plaintiff appealed.

The demurrer was properly sustained.

The consent and acquiescence of the defendant in the alleged breaches, if proved, would constitute a waiver or estoppel so as to preclude the defendant from maintaining his summary proceeding action, and is as much a matter of defense in that action as if the lessee's claim was that no breach had occurred at all. Equity will not relieve against a forfeiture in the one case any more than in the other. In *Gordon v. Richardson*, 185 Mass. 492, 495, it was said: "We have not considered the plaintiff's argument that there was no forfeiture of the lease. We are of opinion that in a bill in equity to be relieved from a forfeiture at law it is not open to him to make the contention that there is no forfeiture at law."

The general rule as to when equity will relieve against a forfeiture of a lease in a case of this kind is well stated in *Henrique v. Paris,* 10 Haw. 408, 411, where it is said that "Courts of equity regard the performance of covenants in leases as the real object desired, and the right of entry as mere security for such performance, and so they do not always hold parties strictly to their legal rights, but often relieve against a forfeiture, especially if full and exact compensation can be made to the injured party. Accordingly, in case of a breach of a covenant to pay rent, relief is generally granted against a forfeiture, because payment of the rent with interest thereon is deemed full and exact compensation. But in the case of other covenants, as to repair, insure, clear off lantana, &c., relief will not generally, except in cases of fraud, mistake, accident or surprise, be granted, because the exact compensation cannot be ascertained. And even in cases where exact compensation can be made, relief will not be granted if the breach is due to gross negligence or is persistent and wilful on the part of the lessee. See *Garrett v. Macfarlane,* 6 Haw. 435; 1 Pom. Eq. Jur., Secs. 452-454; Taylor, Ld. & Ten., Sec. 496."

In this case there is no element of fraud, mistake, accident, or surprise, and it follows that, at least so far as the covenants to repair buildings and to build and maintain the sidewalks are concerned, equity will not relieve. As to whether or not equity will relieve against the forfeiture for breach of covenants to deposit insurance policies with the lessor and to pay taxes, it is unnecessary to say.

That the breaches were committed by Winam without the knowledge or fault of plaintiff is immaterial, and it is expressly provided in the lease that the acceptance of rent should not be a waiver of a breach of covenant.

The decree appealed from is affirmed.

*R. W. Breckons* and *W. W. Thayer* for plaintiff.

*C. W. Ashford* for defendant.