## CHEE YIT TUNG, A MINOR, BY CHEE SUN, HER GUARDIAN, *v.* W. C. ACHI.

## No. 1398.

### APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. J. J. BANKS, JUDGE.

ARGUED OCTOBER 11, 1922.                    DECIDED NOVEMBER 1, 1922.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

EQUITY—*equitable estoppel.*

> Where the facts alleged in a bill, praying that a lessor be enjoined from prosecuting an action for summary possession, constitute an equitable defense which is available to the lessee in the action for summary possession, equity will not entertain the bill and a demurrer thereto should be sustained.

LANDLORD AND TENANT—*relief in equity against forfeiture of lease.*

> Where on the face of a bill in equity, praying that a lessor be enjoined from prosecuting an action for summary possession, it appears that the lessee has an equitable defense which, if proved, would defeat a judgment in favor of lessor, a demurrer to the bill on the ground that petitioner has a full, adequate and complete remedy at law should be sustained.

SAME—*summary proceedings.*

> In an action for summary possession an equitable estoppel may be set up by the lessee by way of defense.

#### OPINION OF THE COURT BY LINDSAY, J.

This matter comes here upon an interlocutory appeal from an order overruling the demurrer of respondent to the amended bill of petitioner seeking relief against forfeiture of a lease. The facts set up in the amended bill, which, on demurrer must be assumed as true, are that on July 25, 1916, Frank Pahia, then owner of certain premises in Honolulu, leased the same to Chee Wai Hoon for a term beginning January 1, 1918, the lease containing a

covenant that the lessee should keep the buildings on the premises insured for not less than 75% of their cost, in companies of assured standing; on January 1, 1918, the lessee went into possession and insured the buildings in a sum or sums which he "honestly believed" represented 75% of the cost; the lessor, on being advised of the amount of the insurance placed upon the buildings, agreed that said sum equaled 75% of the cost thereof, subsequently made no complaint as to the insufficiency of the insurance and thereafter collected the rents reserved in the lease; Chee Wai Hoon, the original lessee, died in May, 1920, leaving as his heir at law petitioner, who immediately went into possession and has ever since retained possession and "complied with the covenants of said lease and maintained in full force and effect the insurance on said premises;" on December 22, 1921, respondent purchased the fee of said leased premises from Pahia, and on December 28, 1921, with full knowledge of all the facts above alleged, and without making any prior demand that the amount of insurance on the buildings be increased, or that the same be effected in companies other than those in which the same was effected, and to the utter surprise of petitioner, fraudulently served upon petitioner a notice in writing notifying her that respondent had entered upon the demised premises, canceled the lease thereon for condition broken, and notifying petitioner to quit and surrender the premises; thereafter, on January 5, 1922, respondent brought an action before the district magistrate of Honolulu against petitioner and her tenants, praying that the court adjudge the termination and forfeiture of the lease, and that petitioner and her tenants be summarily dispossessed, on the ground that petitioner and her predecessor in interest had failed, neglected and refused to insure the buildings in insurance companies of assured standing in sums not less than 75% of the cost of the

same; said action is now pending and respondent threatens, unless restrained by order of the court, to prosecute said action to final judgment; the lease is a valuable asset to petitioner and said action for summary possession constitutes a cloud upon petitioner's title thereto and reduces the value thereof.

The amended bill prays that the respondent be permanently restrained and enjoined from prosecuting said action before the district magistrate and that the purported declaration of forfeiture of the lease be set aside and held for naught.

Respondent demurred to the amended bill on sundry grounds, which demurrer the circuit judge overruled and allowed an interlocutory appeal.

One of the grounds of the demurrer is that it appears by the amended bill that petitioner has a plain, speedy and adequate remedy at law.

It is far from clear from the amended bill whether it is the contention of petitioner that neither she nor her predecessor in title has broken the covenant to insure, or whether petitioner concedes that there has not been a compliance with that covenant. Neither the cost of the buildings on the premises nor the amount of the insurance placed thereon is stated, the only allegations in that respect being that Chee Wai Hoon insured the buildings "in a sum or sums representing, as said Chee Wai Hoon honestly believed, seventy five per cent. of the cost of the buildings on said premises," and that petitioner, since she has been in possession, has "complied with the covenants of said lease and maintained in full force and effect the insurance on said premises." These allegations might fairly be construed as amounting to a positive denial of the breach of covenant complained of, and if proved would be a complete defense to the action for summary possession.

Petitioner, however, both in her brief and in oral argument, takes the position that the allegations of the amended bill do not amount to a positive denial of a breach of the covenant to insure but that the case presented by the amended bill is that the petitioner's predecessor in title "through mistake, induced by the conduct of his landlord, appellant's predecessor in title, failed to comply strictly with the covenants in his lease relating to insurance." (Petitioner's brief, p. 2.)

It does not appear from the amended bill how or in what manner petitioner's predecessor made a mistake when he effectuated insurance upon the buildings, nor what conduct upon the part of the then lessor induced him to make such mistake. According to the amended bill, although the lease was made on July 25, 1916, the term did not commence and the lessee did not go into possession until January 1, 1918. What buildings were then on the premises does not appear, neither does it appear whether the circumstances were such that the knowledge of what the buildings had cost was more likely to be in the possession of the lessor or the lessee. It is alleged that the original lessee insured the buildings on the premises at about the time he went into possession and it may be inferred that he had not erected these buildings and was not in a position to know their cost. It might perhaps be inferred that Pahia, the lessor, was more in a position than the lessee to have known what the buildings had cost, but the amended bill is unfortunately silent as to these matters.

If, as stated in the amended bill, the lessor insured the buildings in a sum that he believed equaled 75% of the cost of the same, and the lessor, on being informed of the amount insured for, agreed that said amount did in fact equal 75% of the cost of the buildings, made no complaint as to the amount of insurance, and, until he

parted with ownership in the premises, collected the rentals under the lease, both the original lessor and respondent, as present owner of the reversion, would be clearly estopped to now claim a forfeiture of the lease for the breach complained of, and such estoppel would be available to petitioner as a defense in the action for summary possession.

The doctrine that equitable estoppels may be set up in this Territory by way of defense to actions at law has been so frequently announced by this court as to leave no room for doubt on the subject. *Magoon v. Kapiolani Est.*, 22 Haw. 510, 517; *Kamohai v. Kahele*, 3 Haw. 530, 534; *Hayselden v. Wahineaea*, 10 Haw. 10, 16; *Goo Kim v. Holt*, 10 Haw. 653; *Haw. Com. & S. Co. v. Kahului R. R. Co.*, 12 Haw. 85.

The case of *Ching Tam Shee v. Hall*, 19 Haw. 190, is exactly in point. In a bill for relief against the forfeiture of a lease the defendant demurred for want of equity. The circuit judge sustained the demurrer and, on appeal, in sustaining the ruling of the circuit judge, this court said, at page 191: "The consent and acquiescence of the defendant in the alleged breaches, if proved, would constitute a waiver or estoppel so as to preclude the defendant from maintaining his summary proceeding action, and is as much a matter of defense in that action as if the lessee's claim was that no breach had occurred at all. Equity will not relieve against a forfeiture in the one case any more than in the other."

It is contended, however, by the petitioner that even if the equitable estoppel against respondent could be successfully set up in the pending action for summary possession and a judgment for petitioner obtained, the relief afforded by such judgment would be inadequate for the reason that the action for summary possession constitutes

a cloud upon petitioner's title as lessee and reduces the value of the leasehold.

Little importance may be attached to this contention, for the mere assertion by a lessor of demised premises, even though such assertion be in the form of allegations in an action at law, that the lessee has made a breach of a covenant in the lease, does not cast a cloud upon the title of the lessee that requires the aid of a court of equity to remove.

"Such clouds upon title as may be removed by courts of equity, are instruments or other proceedings in writing, which appear upon the records, and thereby cast doubt upon the validity of the record title." *Parker* v. *Shannon,* 121 Ill. 452. See also *Devine* v. *Los Angeles,* 202 U. S. 313; *Leeds* v. *Wheeler,* 157 Mass. 67.

Whatever "cloud" may be said to be cast upon petitioner's title by the action for summary possession would be as effectually removed by a favorable judgment by the district magistrate as it would be by a decree in equity in favor of petitioner. Petitioner is still in possession of the demised premises, hence she does not need to be reinstated.

We are of the opinion that the amended bill clearly shows that petitioner has a full, adequate and complete remedy at law and that the demurrer interposed by respondent upon that ground should have been sustained by the circuit judge.

The order overruling the demurrer is reversed and the cause remanded to the circuit judge with instructions to sustain the demurrer.

*B. S. Ulrich (Thompson, Cathcart & Ulrich and S. W. Fitzherbert* on the brief) for petitioner.

*A. G. M. Robertson (Robertson & Castle* on the brief) for respondent.