# JAMES YEE MARN AND HUNG NGO YEE MARN
## *v.* HOWDY REYNOLDS.

### No. 4200.

MARCH 3, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS, JJ.,
AND CIRCUIT JUDGE MIZUHA
ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY TSUKIYAMA, C. J.

Appellees' motion to dismiss appeal assigns, as first ground for urging dismissal, the alleged unseasonable taking by appellant of his appeal to this court. They con-

tend that appellant's oral motion for rehearing made during a hearing on January 30, 1960, was not of such substance as to toll the time for appeal. The stated ground of the motion for rehearing was that the court's decision was contrary to the law and the evidence and not within the scope of the pleadings.

The record in this case shows that in a suit for money had and received, the trial court, upon completion of the trial on January 30, 1960, orally decided in favor of the plaintiffs-appellees. An oral motion for rehearing was made by defendant-appellant immediately thereafter. On the same day, the court made and filed its written findings of fact and conclusions of law. On February 1, 1960, a judgment in favor of plaintiffs-appellees was filed.

On February 5, 1960, the above mentioned oral motion for rehearing came on for hearing. Preceding the argument, the court orally set aside the judgment for the purpose of hearing the motion. Argument concluded, the court denied the motion and ordered the judgment reinstated. Counsel for defendant-appellant then stated to the court that he would file a motion for a new trial "10 days after refiling of the judgment." On February 8, 1960, in response to an oral request made. by counsel for defendant-appellant at the hearing of February 5, 1960, the court filed its amended findings of fact and conclusions of law. The clerk's file mark on the fly-leaf of the original judgment of February 1, 1960, shows that it was "refiled" on February 8, 1960.

On February 19, 1960, defendant-appellant served and filed a motion for a new trial setting forth numerous grounds and praying that the judgment entered on "February 8, 1960," be set aside and a new trial granted. On the same day, he served and filed a separate motion to amend findings, for further findings and for amended judgment in accord, specifically moving the court to amend

the judgment entered on "February 8, 1960." On March 4, 1960, plaintiffs-appellees filed their objection to said motions. Counsel for defendant-appellant, on the same day, moved the court for a continuance to March 18, 1960, for the purpose of studying the objection. Without awaiting the court's disposition of the motions, however, on March 7, 1960, defendant-appellant filed a notice of appeal to this court "from the final judgment entered in this action on February 8, 1960." On March 18, 1960, defendant-appellant's motions afore-mentioned came on for hearing. The court held that it was without jurisdiction to entertain the same on the ground that a notice of appeal to this court had been filed.

Upon such record, it is patent that defendant-appellant's motions of February 19, 1960, were made belatedly, regardless of whether the prescribed 10-day period was computable from February 1, 1960, or February 8, 1960. H.R.C.P., Rule 59(b) and (e). Counsel for defendant-appellant contends that, because the circuit court clerk "entered" the judgment in the docket on March 7, 1960, the motions were seasonably filed. Such contention, however, is without merit, for Rule 58 of the Hawaii Rules of Civil Procedure, unlike the Federal Rules in this respect, provides in haec verba: "The filing of the judgment in the office of the clerk constitutes the entry of judgment; * * *." The language is crystal-clear. Counsel was obviously not misled, for in all his motions as well as notice of appeal, he constantly referred to the judgment "entered on February 8, 1960." Pointing, nevertheless, to the existing variance between the Hawaii Rules and the Federal Rules as to what constitutes "entry of judgment," counsel insists that this court "act now to amend Rule 58 by judicial decision." Suffice it to say that we will not ignore the clear language of Rule 58 and retroactively stamp as timely motions that were filed too late. This

court recognizes that the Hawaii Rules of Civil Procedure were patterned after the Federal Rules. Certain changes, however, were advisedly made to harmonize with local practice of long standing. One of them was to define "entry of judgment" in the language above quoted.

Plaintiffs-appellees challenge the validity of the appeal, contending that the time for appeal should be computed from February 1, 1960, when the judgment was first filed, for the reason that the oral motion for rehearing, the setting aside of the judgment by the trial court on February 5, 1960, and the reinstatement thereof on February 8, 1960, did not toll the running of the time for appeal. They also advance the contention, with which we agree, that the motions of February 19, 1960, were not seasonably made.

A motion for rehearing or a motion for new trial may be made before or after the entry of judgment, provided that, as prescribed in H.R.C.P., Rule 59(b), it is made "* * * not later than 10 days after the entry of the judgment." 6 Moore's *Federal Practice,* § 59.09(1), p. 3842 (2d ed.). It is well established that such motion, if seasonably made, does toll the time for appeal. The general rule is thus clearly expressed in 3 Am. Jur., *Appeal and Error,* § 435, pp. 149-150: "Where the statute provides in general terms that the appeal or proceedings in error shall be instituted within a certain time from the rendition or entry of the judgment or decree, it is the general rule that where a motion for a new trial or rehearing is seasonably made, the time is to be computed from the date of the denial of the motion, and not from the date of the rendition or entry of the judgment or decree, where the motion was necessary to the consideration in the appellate court of the questions involved. The reason for this rule is that the character of finality does not attach to the judgment or decree until the motion has been decided. * * *" *Safeway Stores* v. *Coe,* 136 F. 2d 771; *Morse* v. *United States,*

270 U.S. 151; *Aspen Mining and Smelting Company* v. *Billings,* 150 U.S. 31; 6 Moore's *Federal Practice,* § 59.09(1), p. 3848 (2d ed.); cf., *Madden* v. *Madden,* 43 Haw. 148.

In the case at bar, we agree with counsel for plaintiffs-appellees that the oral motion for a rehearing made on January 30, 1960, and heard by the trial court on February 5, 1960, did not toll the time for appeal. After decision rendered, a motion for new trial was in order and should have been filed. H.R.C.P., Rule 59(b). The oral motion for rehearing was of no legal significance. We note, in passing, that there was no occasion or requirement to set aside the judgment in order to entertain defendant-appellant's motion, even if it had been properly made, and also that the physical removal of the judgment from the files was wholly unwarranted.

In examining the record, however, we observe that at the hearing of February 5, 1960, counsel for defendant-appellant requested the court, without objection, to amend its previous findings of fact and conclusions of law, and that in response thereto the court did file its amended findings and conclusions on February 8, 1960. H.R.C.P., Rule 52(b). It was such action which attached the character of finality to the judgment originally entered. The foregoing circumstance clearly differentiates the point here in issue from the questions raised in such cases as *Hill* v. *Hawes,* 320 U.S. 520, and *Deena Products Co.* v. *United Brick & Clay Workers of America,* 195 F. 2d 612, cited by plaintiffs-appellees. In the present case, the 30-day time limit for appeal commenced to run from the date of the amended findings and conclusions. The notice of appeal having been filed on March 7, 1960, or 28 days after February 8, 1960, the appeal was timely. H.R.C.P., Rule 73(a). Accordingly, the first ground urged by plaintiffs-appellees is without merit.

We consider now the second ground advanced for dismissal. The issue presented involves a point of significant import. It appears of record that in conjunction with his appeal to this court, defendant-appellant, on April 1, 1960, filed a designation of record on appeal setting forth twelve items. Among them was the item designated "The transcript of all testimony * * *." Opposite this item, there appears, indicated by a brace, the following hand-written notation in ink: "Deleted June 3, 1960, J. F. McLaughlin Atty for Defendant." The time for docketing having been extended by the trial court, the record was filed in this court on June 6, 1960, being the last day of the extension. There is nothing in the record to show court authority for counsel to make the deletion notation above mentioned or to show service of notice upon plaintiffs-appellees or their counsel of the purported amendment to the designation.

We are of the opinion that counsel for defendant-appellant acted entirely without warrant when he *ex proprio motu* expunged the particular item from the designation of record over two months after he had filed the same. Neither the Hawaii Rules nor the Federal Rules sanction such conduct. The purpose of H.R.C.P., Rule 75, is not only to forward to the appellate court the portions of the record or proceedings in the trial court, which are essential for appellate consideration, but to enable other parties to the appeal to file a counter-designation to include omitted or additional portions. It is a well established rule which governs our judicatory system that a court of record has complete authority over its own records. Its power to supervise and control all papers on file is inherent. Sans court authority, no party or counsel may withdraw or make amendatory notations on any court document once filed. Additions, deletions and other amendments thereto should be made by pursuing the

normal procedure of filing an amended document. As aptly stated in 21 C.J.S., *Courts,* § 235, p. 439: "An amendment of the record may be made on motion with due notice to the opposite party, and on hearing, or, as is more generally observed in a particular case, the proper mode of correcting errors in court records, or supplying omissions therein, is by formal motion heard on notice and formal order entered in accordance with the facts as they are made to appear. Accordingly, it has been held that notice to opposing parties and hearing is essential, and it has been declared to be the better practice, where the rights of litigants will be affected by a proposed amendment, to require that notice be given to them. * * *"

According to the record, at defendant-appellant's request the trial court ordered the court reporter to prepare a transcript of the proceedings on April 6, 1960. At the same time, an order was obtained extending up to and including June 6, 1960, the time for docketing the record on appeal with this court. The designation of the record on appeal was filed on April 1, 1960, or 53 days after the date of the judgment appealed from. H.R.C.P., Rule 75(a) requires the serving and filing of the designation "promptly" after an appeal is taken. The record further shows that the appeal was docketed in this court on June 6, 1960.

Counsel for defendant-appellant makes short shrift of the apparent gravity of the hand-written notation of deletion and suggests that, if opposing counsel did not have sufficient time to act in three days, "he can now act to supplement the record without objection from us if he needs the transcript, on terms set by this Court under Rule 75(h)." This court does not agree and rejects such proposal. We think that the attempted amendment of the designation of record only three days before the appeal was docketed was prejudicial to plaintiffs-appellees, for

they were deprived of the full 10 days for the filing of a counter-designation. H.R.C.P., Rule 75(a). Indeed, they were deprived of the right not only to furnish a transcript, but to have the appeal considered on the full record instead of the court findings alone.

Moreover, plaintiffs-appellees could not reasonably be expected to assume the burden of obtaining further extensions to supplement the record. It is to be noted that the omission of the transcript was the result, not of "error, accident or misstatement," but of a deliberate act on the part of defendant-appellant. H.R.C.P., Rule 75(h).

Defendant-appellant advances the unusual contention that, because it was prematurely taken, his own appeal should be dismissed and the trial court directed to hear and dispose of his motion for new trial and motion to amend findings and judgment, or alternatively, that the judgment should be reversed because of prejudicial errors. Suffice it to say that the two motions having been filed after the 10-day period, the trial court can no longer entertain any hearing thereon. Inasmuch as the finality of a judgment is suspended during the pendency of motions which may affect such judgment, the authorities are in harmony that an appeal taken before the disposition of the motions is premature and therefore a nullity. The trial court, under such circumstance, retains jurisdiction over the case and may still act upon the motions. *Madden* v. *Madden, supra.* In the case at bar, however, the foregoing rule does not apply. The motions in question were not timely filed and the trial court can no longer consider them.

We consider now the final question as to whether the appeal is supported by a sufficient record for review by this court. Defendant-appellant contends that the appeal is taken on points of law and nothing in the deleted transcript is relied upon. A careful examination of the record

docketed in this court and of defendant-appellant's brief indicates that the situation does not appear to be as represented. It is evident that the pleadings, documents and exhibits alone are insufficient to enable this court to determine whether the trial court erred. Defendant-appellant himself recognizes a desideratum for he states on page 10 of his brief: "We regrettably can not know here in the absence of a transcript of the evidence in the Record whether or not that purported proof reached the required degree of clear, cogent and convincing. * * *"

It is generally recognized that the findings of a trial judge cannot be passed upon in review, in the absence of the evidence upon which the findings were based. *Powell* v. *Powell*, 40 Haw. 625. The facts set forth in a brief, unsupported by the record, cannot be considered. An exception, however, is made to the rule where evidence is not necessary for the disposition of an appeal on its merits. *Estate of Holt*, 14 Haw. 164. The suit in this case was for money had and received. The crux was a breach of trust found by the trial court. Defendant-appellant contends that the trial court found this breach of trust "by an erroneous concept of appellant's rights flowing from the limited facts it chose to find." We are unable to gather from the record whether or not the evidence was sufficient to support such finding of the court. It appears that witnesses gave testimony relative to certain documents. Without such evidence, this court cannot properly determine whether the trial court committed reversible error in its judgment. "It is, therefore, elementary that an appellant seeking reversal of an order entered by the trial court must furnish to the appellate court a sufficient record to positively show the alleged error. * * *" *In re Chapman Coal Co.*, 196 F. 2d 779. If defendant-appellant believed the complete record unnecessary for the purpose of his appeal, he should have served and filed a concise state-

ment of the points relied upon pursuant to H.R.C.P., Rule 75(d). *Lopata* v. *Handler*, 121 F. 2d 938. There is no such statement in the record.

It is, moreover, noteworthy that in one specification of error, defendant-appellant asserts that the court "erred in hearing and determining issues of fraud and breach of trust not specially pleaded as required by Rule 9, H. R. Civ. Proc." In his brief, he seeks to show "timely and constant objection," and "over-ruling of a well taken objection," by citation of the clerk's minutes of the trial. This is not in compliance with our rules. A transcript is needed for the presentation of this point. "When the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the transcript where the same may be found. * * *" Rules of the Supreme Court, Rule 3(b) (4).

In the case of *McBee* v. *United States*, 126 F. 2d 238, the court said: "The only record that has been filed in this court consists of the pleadings, the findings of fact and conclusions of law, the judgment, motion and order overruling motion for a new trial, order permitting appeal without cost, notice of appeal, and order enlarging time for lodging appeal. The only reference to any evidence is contained in the statements in appellant's brief recounting his version thereof. There is therefore nothing before this court for consideration, and the appeal must be dismissed."

We sustain plaintiffs-appellees' second ground. The motion is, accordingly, granted and the appeal is dismissed.

*J. Frank McLaughlin* for defendant-appellant.

*Arthur K. Trask* for plaintiffs-appellees.