ISLAND HOLIDAYS, INC. and KAANAPALI BEACH HOTEL, INC., Hawaii corporations, Plaintiffs-Appellees, Counterclaim Defendants-Appellants, *v.* GLENN FITZGERALD, dba KAANAPALI HOTEL CAMERA AND GIFT SHOP and KAANAPALI PICTURE AND GIFT CORPORATION, a Hawaii corporation, Defendants-Appellants, Counterclaim Plaintiffs-Appellees

NO. 5914

JANUARY 31, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

Plaintiffs, counterclaim defendants, Island Holidays, Inc., and Kaanapali Beach Hotel, Inc., Hawaii corporations (hereinafter collectively Island Holidays), filed a complaint in the Lahaina Division of the District Court of the Second Circuit for summary possession of certain leased premises situated in the lobby of the Kaanapali Beach Hotel on the Island of Maui, and for back rent, against defendants, counterclaim plaintiffs, Glenn Fitzgerald, dba Kaanapali Hotel Camera and Gift Shop and Kaanapali Picture and Gift Corporation, a Hawaii corporation (hereinafter collectively called Fitzgerald). A demand for a jury trial on all issues was made to the court and the case was duly transferred to circuit court. Fitzgerald filed a counterclaim, naming Amfac, Inc., a Hawaii corporation, as an additional counterclaim

defendant.[1] Fitzgerald prayed for general, special, and punitive damages for an alleged breach of a lease contract.

Although Island Holidays' initial motion for summary judgment on the complaint for summary possession was denied, a renewed motion was granted.

Thereafter, at trial, the jury denied Island Holidays' claim for back rent and awarded Fitzgerald $41,636.00 in damages for breach of the 1964 written lease contract. Island Holidays moved for a judgment notwithstanding the verdict, for a new trial, and for remittitur. The circuit court denied all three motions.

Both parties have appealed. Fitzgerald has appealed the order granting summary judgment on the complaint for summary possession in favor of Island Holidays. Island Holidays has appealed from the denial of its motions and from the judgment of damages.[2]

## STATEMENT OF THE CASE

On October 23, 1974, Island Holidays filed a motion for summary judgment on the complaint for summary possession of the leased premises alleging that Fitzgerald's lease term had expired as of September 30, 1974. After a hearing was held the circuit court judge dismissed the motion as inappropriate. On April 23, 1975, Island Holidays renewed its motion for summary judgment and it was granted. The court premised its ruling on the finding that Fitzgerald's lease term had expired and no "new promise" to lease beyond 1974 had been made.[3]

---

[1] Fitzgerald's counterclaim alleged that counterclaim defendants Island Holidays, Inc. and Kaanapali Beach Hotel, Inc. were wholly owned subsidiaries of Amfac, Inc.

[2] The jury verdict denying Island Holidays' claim for back rent has not been appealed.

[3] The following colloquy took place between the court and Mr. Kim, counsel for Fitzgerald:

The Court: Well, the Court has heard the arguments in the past. I do feel however that the circumstances have changed after the passage of 1974. The

In a written order filed on May 22, 1975, the trial court granted Island Holidays' motion and denied Fitzgerald's oral motion for allowance to appeal from the summary judgment order. The order issued by the court specifically stated that the order did not constitute a determination and direction for the entry of a final judgment within the meaning of Rule 54(b), H.R.C.P., and that, therefore, the proceedings were not terminated between the parties.[4]

Following a trial on Island Holidays' claim for back rent and Fitzgerald's counterclaim for damages, the jury returned the following verdict in special verdict form:

1. Did Defendant Island Holidays breach the existing lease? *Yes*

2. (Answer 2 only if your answer to 1 was "yes".) What damages did Plaintiff Fitzgerald suffer as a result of the breach of the existing lease? *$41,636.00*

3. Did Plaintiff Fitzgerald and Defendant Island Holidays enter upon a valid and binding contract to make a new lease? *No*

---

Court is going to grant the motion at this time as far as summary judgment goes. . . .
        . . . .

The Court: The Court finds that there was no new promise at least beyond 1974.
Mr. Kim: There was no promise?
The Court: No, sir. . . .

[4] The Order granting the motion for summary judgment provides in pertinent part:
Further, that this order shall not constitute the determination and direction for the entry of a final judgment within the meaning of Rule 54(b) of the Hawaii Rules of Civil Procedure, and the above-entitled action shall not terminate as to the remaining claims of the parties; and, It Is Hereby Ordered, that the oral motion made in open court at the hearing held May 12, 1975, by the attorney for defendants Glenn Fitzgerald and Kaanapali Picture and Gift Shop Corporation for the allowance of an appeal from the order granting summary judgment as to the complaint for summary possession be and the same is hereby denied.

4. (Answer 4 only if your answer to 3 was "yes".) Did Defendant Island Holidays breach the contract to make a new lease?     _ _ _ _ _

5. (Answer 5 only if your answers to both 3 and 4 were "yes".) What damages did Plaintiff Fitzgerald suffer as a result of the breach of the contract to make a new lease?     _ _ _ _ _

6. Did Plaintiff Fitzgerald owe any rental on the existing lease?     *No*

7. (Answer 7 only if your answer to 6 was "yes".) What is the amount of the unpaid rental?     _ _ _ _ _

From this verdict Island Holidays has appealed. Concurrently, Island Holidays moved for a dismissal of Fitzgerald's appeal from the summary judgment on the complaint for summary possession on the grounds that the supreme court lacked jurisdiction to hear the appeal.

### STATEMENT OF FACTS

In a written lease dated October 16, 1964, Fitzgerald entered into a lease agreement for five years with an option to renew for an additional five years with Kaanapali Hotel Corporation to operate a camera and gift shop on the ground floor of the Kaanapali Hotel (Hotel). This lease agreement was signed by Mr. Glenn Fitzgerald, President-Treasurer of the Kaanapali Picture and Gift Corporation, and by Mr. Leonard Goldman, President of Kaanapali Hotel Corporation.

The Hotel was subsequently sold by the Kaanapali Hotel Corporation to A.I.T.S. and A.I.T.S. sold the Hotel to Sonesta Hotel Corporation. In 1969, after the initial 5-year lease term provided for in the 1964 lease had expired, Fitzgerald renewed the lease for another 5-year period with Sonesta Hotel Corporation.

In 1970 Island Holidays, Inc., purchased the Hotel from Sonesta. The evidence is sparse as to any significant commu-

nication between Fitzgerald and Island Holidays between 1970 and prior to 1973.

Some time in the summer of 1973, Island Holidays decided to renovate and enlarge the lobby of the Hotel to accommodate an increased number of hotel guests. Mr. Fitzgerald and another lessee of the Hotel met with Mr. Ronald Barr, executive vice-president of Island Holidays, Inc., and Mr. Robert Sewell, manager of the Hotel, and were shown the plans for two "new shops" in the proposed renovated lobby. The lessees were told they would have "first option" to lease these new shops.

On December 18, 1973, Mrs. Janet Higa, real estate manager for Island Holidays, notified Fitzgerald that lobby renovations at the Hotel would begin on January 7, 1974. Fitzgerald packed the contents of his gift shop, hired movers to move the goods to a storage place, and completed vacating the premises on January 4, 1974, as instructed. At a meeting at the Hotel on January 7, 1974, Fitzgerald and Mrs. Higa discussed Fitzgerald's new location in the Hotel and lobby and certain lease rental terms. According to Fitzgerald, it was at this time that he was promised a new lease on the basis of an increased rental of $1,000 minimum per month or 12% of the gross receipts. Fitzgerald testified that he informed Mrs. Higa that he had a current lease with the Hotel and "assumed" that a lease similar to this one for an additional 5-year term would be renegotiated with him. According to Mrs. Higa's testimony, although a 12% lease rental was discussed as the rental normally negotiated on all Island Holidays' leases, no minimum rent was discussed with Fitzgerald and negotiations for a new lease remained incomplete. Mrs. Higa's letter to Fitzgerald following the January meeting said that as soon as Fitzgerald received a copy of his original lease, Island Holidays "could commence negotiation on a new lease for the premises."[5] A subsequent letter from Mr. Sewell also

---

[5] The letter, dated December 18, 1973, stated:
Dear Mr. Fitzgerald,
    Thank you for your time at Kaanapali Beach Hotel yesterday amidst your busy schedule.
    As discussed as soon as I receive a copy of the lease you are awaiting from Mr.

stated that work on a new lease could begin as soon as Fitzgerald obtained a copy of his original lease.

On February 15, Fitzgerald completed moving the contents of his shop into the "new shop" in the hotel lobby. Fitzgerald painted the walls, refinished the shelves, and purchased a new rug for the shop, all pursuant to the requests made by Island Holidays. The moving expenses, the expense of storing some of his merchandise in the hotel while unpacking, and the expenses incurred in painting, refinishing, and recarpeting the shop were borne by Fitzgerald.

In February, 1974, problems arose between Fitzgerald and Island Holidays regarding Fitzgerald's right to sell liquor and other food items in his shop. No agreement could.be reached regarding this and a subsequent dispute over alleged back rental owed by Fitzgerald, and on August 30, 1974, Island Holidays gave Fitzgerald notice to vacate the premises. Fitzgerald refused to vacate and Island Holidays filed a complaint for possession of the premises and for back rent.

## ISSUES

I. Whether this court has jurisdiction to hear the appeal taken by Fitzgerald from the summary judgment order entered on May 22, 1975.

II. Whether the trial court erred in granting summary judgment on the complaint for summary possession in favor of Island Holidays.

III. Whether the jury was properly instructed and whether the special verdict form was appropriate.

---

Owens we could commence negotiations on a new lease for the premises to be occupied by you. The 12% I mentioned is basically standard on all Island Holidays' new leases.

In the meantime as soon as your interior plans are finalized, please send me a copy for our architect's review. Thank you for your cooperation.

OPINION

I. WHETHER THIS COURT HAS JURISDICTION TO HEAR THE APPEAL
TAKEN BY FITZGERALD FROM THE SUMMARY JUDGMENT ORDER
ENTERED ON MAY 22, 1975.

Island Holidays contends that Fitzgerald's appeal should be dismissed on the ground that the appeal was taken from a non-appealable, interlocutory order, namely, the "Order Granting Motion for Summary Judgment as to Complaint for Summary Possession."

The following sequence of events is pertinent to this issue:

1. On May 22, 1975, the circuit court issued the order granting Island Holidays' motion for summary judgment as to the complaint for summary possession.

2. On May 27th through 30th, a jury trial was held on Island Holidays' claim for back rent and on Fitzgerald's counterclaim for damages.

3. On June 2, 1975, the circuit court issued a writ of possession in execution of its summary judgment order.

4. On June 3, 1975, Island Holidays filed a motion for a judgment notwithstanding the verdict and for a new trial.

5. On June 4, 1975, Fitzgerald filed a notice of appeal to this court.

6. On June 13, 1975, a "Stay of Proceedings to Enforce Writ of Possession" was issued by this court.

7. On June 30, 1975, the circuit court entered a Judgment in favor of Fitzgerald in the amount of $41,636.00 and against Island Holidays on its claim for back rent.

8. On July 7, 1975, at 8:34 A.M., the circuit court filed an order denying Island Holidays' motion for a judgment notwithstanding the verdict, motion for a new trial, and oral motion for remittitur.

9. On July 7, 1975, at 1:37 P.M., Fitzgerald filed a supersedeas bond with this court.

For the reasons stated below, Island Holidays' motion to dismiss is denied.

Fitzgerald's initial appeal was premature because it was filed during the pendency of Island Holidays' motions for a new trial and for a judgment notwithstanding the verdict and before entry of a final judgment in the case.

In a multi-claim suit such as this, an appeal is permitted from a decision as to one or more but fewer than all the claims only when the trial court expressly determines that there is no just reason for delay and expressly directs an entry of judgment. Rule 54(b), H.R.C.P., provides:

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decisions, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.* (Emphasis added.)

An appeal from a decision as to one claim while others remain pending before the trial court is premature and must be dismissed. *City & County of Honolulu v. Midkiff,* 57 Haw. 273 (1976); *BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73 (1976); *Wylly v. First Hawaiian Bank,* 57 Haw. 61 (1976); *Chang v. City & County,* 51 Haw. 137, 453 P.2d 753 (1969); *Iwai v. City & County,* 51 Haw. 307, 459 P.2d 195 (1969); 10 Wright & Miller, Federal Practice and Procedure Civil § 2660.

At the time the trial court granted Island Holidays' motion for summary judgment, Island Holidays' claim for back rent and Fitzgerald's counterclaim for damages remained pending. Since the court expressly denied Fitzgerald a Rule 54(b)

certification for leave to appeal, the summary judgment order was not final and, therefore, not appealable.

After trial, the court entered a judgment in favor of Fitzgerald for damages and against Island Holidays for back rent. The judgment did not incorporate the court's prior ruling on the issue of summary possession. In cases such as this, where the disposition of the case is embodied in several orders, no one of which embraces the entire controversy but collectively does so, "it is a necessary inference from Rule 54(b) that the orders collectively constitute a final judgment and . . . *entry* of the last of the series of orders gives finality and appealability to *all.*" *City & County of Honolulu v. Midkiff, supra,* 57 Haw. at 275. (Emphasis added.)

The June 30th judgment constituted the last judgment on the main trial phase of the case. However, Island Holidays' motion for a new trial and for a judgment notwithstanding the verdict remained pending before the circuit court at the time the judgment was filed.[6] Thus, the motions tolled the running of the time for appeal until entry of the court's ruling on the motions. Rule 73(a), H.R.C.P.;[7] *Naki v. Hawaiian Electric Co., Ltd.,* 50 Haw. 85, 86, 431 P.2d 943, 944 (1967); *Marn v. Reynolds,* 44 Haw. 655, 658, 361 P.2d 383 (1961). Since the "character of finality" did not attach to the judgment until the motions outstanding had been decided, *Marn v. Reynolds, supra* at 658, a notice of appeal filed while the motions were pending before the trial court was ineffective to give this court jurisdiction of the appeal unless the appeal was refiled within the proper appeal period. *Re Dean Trust,* 47 Haw. 304, 387 P.2d 218 (1963); *Madden v. Madden,* 43 Haw. 148 (1959).

---

[6] In the case of Marn v. Reynolds, 44 Haw. 655, 658, 361 P.2d 383, 386 (1961), we said that a motion for a new trial may be made before or after entry of judgment, provided it is made *no later* than 10 days after the entry of judgment.

[7] Rule 73(a), H.R.C.P., states in pertinent part:

The running of the time for appeal is terminated as to all parties by a timely motion made by any party pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); . . . or denying a motion for a new trial under Rule 59.

In *Re Dean Trust, supra,* we addressed the question of what would suffice to constitute a refiling of a notice of appeal prematurely filed. In that case, we held that a supersedeas bond specifying the parties taking the appeal and the judgment appealed from was sufficient to reaffirm the appellants' intention to appeal and did so of record.

In this case, Fitzgerald filed a supersedeas bond after the trial court filed its order denying Island Holidays' motion. Although the bond failed to specify the judgment appealed from, the order of this court, filed on June 13, 1975, staying proceedings to enforce the writ of possession issued by the circuit court, contained sufficient detail concerning the parties involved in the appeal and the judgment appealed from to constitute sufficient notice of Fitzgerald's intention to seek review of the summary judgment order.[8] Island Holidays was not misled or prejudiced by the defect in the procedural process as both parties brief the merits of the summary judgment order. Hence, this court has jurisdiction to hear the appeal.

## II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE COMPLAINT FOR SUMMARY POSSESSION IN FAVOR OF ISLAND HOLIDAYS.

Fitzgerald contends that the court erred in finding no genuine issue of material fact on the issue of rightful possession to the leased premises. Fitzgerald argues that the court erred in disregarding his equitable defenses, which if proven, would have established that a new lease contract had been made between the parties. Fitzgerald asserts that the summary judgment order "severely prejudiced" its counterclaim because it limited damages to the year 1974, when in fact, Fitzgerald was asserting that major damages arose out of a breach of the old lease and a new lease.

The trial court's granting of the motion for summary judgment had the effect of precluding Fitzgerald from pre-

---

[8] The stay order named the parties to the appeal and identified the execution of the writ of possession issued by the circuit court.

senting evidence of the existence of an allegedly new lease and from presenting evidence that Fitzgerald had lawful possession of the premises. The question before this court is whether or not, based on the evidence before the court at the time of the summary judgment hearing on May 12, 1975, and taking all the evidence in the light most favorable to Fitzgerald, there were material facts in issue as to the existence of a new lease contract and material facts in issue as to whether Island Holidays was entitled to summary possession of the premises, to warrant the submission of the issues to the jury. *Technicolor, Inc. v. Traeger*, 57 Haw. 113, 551 P.2d 163 (1976); *Gum v. Nakamura*, 57 Haw. 39, 549 P.2d 471 (1976).

We find, based on the record herein, taking all the evidence in the light most favorable to Fitzgerald, that the evidence is sufficient to raise disputed issues of fact as to whether the parties entered into an oral agreement to execute a new lease contract. The jury could very well believe Fitzgerald as to an oral agreement on the specific terms of the new lease and, without a doubt, Fitzgerald's substantial part performance brings the new lease, though oral, within the exception in the applicability of the Statute of Frauds. *See Boteilho v. Boteilho*, 58 Haw. 40, 564 P.2d 144 (1977); *McIntosh v. Murphy*, 52 Haw. 29, 469 P.2d 177 (1970); *Perreira v. Perreira*, 50 Haw. 641, 447 P.2d 667 (1968); *Motonaga v. Ishimaru*, 38 Haw. 158, *reh. den.* 38 Haw. 205 (1948); *Molokai Ranch, Ltd. v. Morris*, 36 Haw. 219 (1942); *Vierra v. Shipman*, 26 Haw. 369 (1922); *Yee Hop v. Young Sak Cho*, 25 Haw. 494 (1920).

The record is clear that, while the existing lease was in effect, Island Holidays proceeded with its renovations of the Hotel involved herein; required Fitzgerald to remove himself from his location, at his expense, in the hotel lobby; required Fitzgerald to relocate himself into new premises at his own expense; required Fitzgerald to renovate the new but less spacious premises, at Fitzgerald's expense; and made representations, express or implied, though disputed, in the execution of a new lease contract. In our opinion, the above facts constitute an equitable defense to assert against summary possession actions. *Chee Yit Tung v. Achi*, 26 Haw. 642

(1922); *Ching Tam Shee v. Hall,* 19 Haw. 190 (1908); *see Hicks v. Gentry,* 104 Ga.App. 3, 120 S.E.2d 915 (1961). We hold, therefore, that the trial court erred in granting Island Holidays' motion for summary judgment and remand the case for a trial on the issue of rightful possession of the leased premises. In conjunction therewith, determination must be made whether Fitzgerald is seeking specific performance, though disclaimed by Fitzgerald, rather than equitable estoppel.

The record further shows that the trial court in granting summary judgment for summary possession to Island Holidays did not deal with the issues resulting from an alleged unlawful breach by Island Holidays of the old written lease as extended. A dispute of material fact exists relative to whether Island Holidays properly terminated the old written lease or not.

III. WHETHER THE JURY WAS PROPERLY INSTRUCTED AND WHETHER THE SPECIAL VERDICT FORM WAS APPROPRIATE.

Several issues raised by Island Holidays on appeal remain to be decided in this case: (1) whether the trial court erred in denying Island Holidays' motion for a directed verdict and for a judgment notwithstanding the verdict; (2) whether the trial court erred in giving jury instructions numbers 17 and 18;[9] (3) whether the trial court erred in denying Island Holidays' oral motion for remittitur and motion for a new trial.

---

[9] Instructions numbers 17 and 18 were given as follows:

*Instruction No. 17,* when a contract is breached in a wanton or reckless manner resulting in a tortious injury, the aggrieved person is entitled to recover in tort in addition to recovering in contract for out-of-pocket losses.

*Instruction No. 18,* plaintiffs have a right to recover all damages which they have suffered and which the defendants, or a reasonable person in the defendant's position, should have foreseen would result from their breach of a contract, if any. Such damages include *reasonable compensation for emotional distress and disappointment,* if any, which plaintiffs have suffered as a proximate result to such breach of contract. There is not precise standard by which to place a monetary value on emotional distress and disappointment, nor is any opinion of any witness required to fix a reasonable amount. In making an award for damages for emotional distress and disappointment, you should determine an amount which in your experience and reason indicate would be sufficient in light of all the evidence.

We find appellate review of the sufficiency of the evidence to support the jury's verdict and the alleged prejudicial impact of the jury instructions difficult because of certain ambiguities in Fitzgerald's pleading and the confusing manner in which the trial court conducted this case.

Fitzgerald's pleading is ambiguous for two reasons. First, it fails to clearly set forth whether Fitzgerald's claim seeks recovery for breach of the written lease or breach of the alleged oral lease or both. In paragraphs 3 and 4 of counterclaim, Fitzgerald asserts that a promise by Amfac (Island Holidays) to execute a "new lease" with Fitzgerald and that in reliance thereon, Fitzgerald removed the contents of his shop out of the hotel lobby to permit renovations.[10] These paragraphs indicate that an oral agreement to execute a new written lease is at issue. Paragraph 5 alleges that Amfac knew of the "existence of a lease by and between Fitz and Amfac's predecessors . . . which [was] in effect till December of 1974". This paragraph puts the written lease of 1964 at issue.[11] Paragraph 6 alleges many acts of Amfac which interferred with the conduct of Fitzgerald's retail business contrary to the "existing lease". Paragraph 7 alleges that Amfac's conduct was "insidious, invidious, discriminating

---

[10] Fitzgerald's counterclaim alleged the following:
*First Cause of Action:*
. . . .
3. That on or about early December, 1973, Glenn Fitzgerald and Kaanapali Picture and Gift Corporation . . . were apprised and notified . . . that the lobby of the said Kaanapali Beach Hotel was to be renovated and Fitz [Fitzgerald] was required to close down his retail outlet in said lobby and remove all merchandise from the premises during the period of said renovation of the lobby; Further, that he was to be given an equivalent space in said renovated lobby, when completed, to carry on his retail outlet business as in the past and for a further extended period under a new lease.
4. That acting in good faith and the representations made by Amfac, and relying thereto, Fitz closed his retail outlet . . . and removed all his merchandise and sundry items therein at great loss and expense.

[11] Paragraph "5" states:
That at all times mentioned herein Amfac had knowledge and knew of the existence of a lease by and between Fitz and Amfac's predecessors at the Kaanapali Beach Hotel which is in effect till December of 1974.

and covertly committed to force Fitz'' out of the hotel. Paragraph 8 asserts that Amfac's conduct "carelessly and negligently" disregarded the "existing lease". Fitzgerald's second cause of action reiterates and incorporates paragraphs 1-9 and states again that Amfac breached "their existing lease". The third cause of action also reiterates and incorporates paragraphs 1-9.

It is unclear whether the term "existing lease" in paragraphs 6 through 8 refers to the "new lease" in paragraph 3 or the written lease in paragraph 5, or both.[12] Read as a whole, the pleadings appear to refer to a breach of an alleged oral agreement to execute a new written lease, but subsequent events at trial put this interpretation in doubt. No attempt was made by Fitzgerald to amend his pleadings, nor did the court or Island Holidays formally request any amendments or supplements to the pleadings.

The pleading also fails to specify what covenant or which terms of either lease were breached. If, as paragraph 8 seems to imply,[13] Fitzgerald is claiming a breach of an implied covenant of quiet enjoyment, we are unable to determine from the evidence adduced at trial whether some or all of Island Holidays' conduct as stated in paragraphs 3 and 6 breached the covenant as to the alleged oral contract to lease, or the written lease. The evidence at trial does not clarify the terms of the "new lease", nor does Fitzgerald show how the conduct of Island Holidays resulted in a breach of the terms of the written lease. Neither party at trial requested jury instructions addressing the issue of the implied covenant of quiet enjoyment.

Rule 8(e)(1), H.R.C.P., requires that "[e]ach averment of a pleading shall be simple, concise, *and direct*." (Emphasis added.) *Ellis v. Crockett*, 51 Haw. 45, 47, 451 P.2d 814, 818

---

[12] Fitzgerald's opening brief states that Fitzgerald claimed damages arising out of a *"new lease,* both written and oral'' which existed during the period complained of.

[13] Paragraph "8" states:

That Amfac carelessly and negligently disregarded the existing lease and Fitz's rights to conduct his business or retail outlet under said lease peacefully and quietly.

(1969); *Silver v. Queen's Hospital*, 53 F.R.D. 223 (1971); *Goshen Veneer Co. v. G. & A. Aircraft*, 3 F.R.D. 344 (1944).

However, it is also well established that, generally, pleadings must be construed liberally and not technically. Rule 8(f), H.R.C.P.;[14] *Jenkins v. McKeithen*, 395 U.S. 411, 421-422 (1969); *Conley v. Gibson*, 355 U.S. 41 (1957); *Beacon Theatres v. Westover*, 359 U.S. 500, 506 (1959); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974).

In the instant case, no matter how liberally we attempt to construe the pleadings, especially of Fitzgerald's, our net conclusion is, still, confusion and uncertainty as to what controversy Fitzgerald attempts to plead.

Fitzgerald's pleading, therefore, fails to concentrate the controversy adequately to permit the appellate court to determine the sufficiency of the evidence.

A second source of confusion in this appeal stems from the trial court's ruling on the summary possession issue. Since Fitzgerald defended against Island Holidays' complaint for summary possession on the basis of an existing valid oral lease as well as on the equitable defense of estoppel, we can only conclude by the court's granting of the summary judgment order that the court found insufficient evidence to support both defenses. A case is ripe for summary adjudication in accordance with applicable principles of law when there is no triable issue of fact as to *any* of the affirmative defenses or they are all legally insufficient. If there is a triable issue of fact as to any *one* or more legally sufficient affirmative defenses, the plaintiff would not be entitled to summary judgment. 6 Moore's Federal Practice ¶ 56.17[4]. If this is so, the court should not have submitted the issue of the existence of a valid and binding oral contract to lease to the jury. If the court meant to conduct the trial on the basis of a breach of the written lease alone, then questions 3, 4, and 5 of the court's special verdict form were inappropriate. If the court meant to

---

[14] Rule 8(f) states: "All pleadings shall be so construed as to do substantial justice."

conduct the trial on a claim that a valid and binding oral contract to lease had been entered into, then the summary judgment order was improvidently granted and questions 1 and 2 of the special verdict to the jury were inappropriate.[15] We can only conclude from the submission of all 5 questions to the jury that the court intended to conduct the trial on the issues of breach of the written lease and a possible breach of an alleged oral contract to lease.

At trial on May 27, 1975, before the jury, the trial judge made the following statement:

> Now as far as the subject matter of the trial goes, I'm not going to go into it excepting very briefly. Very briefly Mr. Fitzgerald claims to have had a lease on a portion of what is sometimes called the Kaanapali Beach Hotel to conduct a business, a camera shop business. And this lease was entered into back in 1964. That was about almost 11 years ago, 10 and a half years ago. Now that original lease apparently was a five year lease. There was a clause saying that under certain conditions they could have a renewal. And then the — It has already been decided that as far as the lease itself goes, as of the first of January of this year there is no question but that a lease has ended. *So we are not going to be involved with any matters after January 1st of 1974-'75 I should say.* (Emphasis added.)

It is very unclear what the judge meant by the last statement.[16]

Appellate review of the prejudicial impact of jury instructions numbers 17 and 18 is difficult because it is not clear

---

[15] The questions use the term "existing lease" in questions 1 and 2 without clarifying whether the term refers to the written lease or the alleged oral contract to lease. Since the same term is used in question number 6 regarding back rental payments, and since Island Holidays' claim for back rental referred exclusively to the rental due under the written lease, we presume that the term is used in questions 1 and 2 to refer to the written lease.

[16] At this point Mr. Kim moved for a mistrial on the ground that the judge's statement that there was no lease in existence prejudiced the minds of the jury as to his counterclaim for damages. The court said, "I should also like to point out to you that the Court's statement was only that it has been determined that there is no lease *as of the first of January of this year.* You were the one who indicated that I have ruled that there is *no* lease." (Emphasis added.)

from the jury verdict whether or not the jury found sufficient evidence of "willful and wanton" conduct by Island Holidays justifying an award of punitive damages. Our review of the record reveals no evidence of conduct by Island Holidays amounting to "wanton or reckless" breach of contract as that found in *Dold v. Outrigger Hotel*, 54 Haw. 18, 501 P.2d 368 (1972). Since erroneous jury instructions are presumptively harmful "unless it affirmatively appears from the whole record that it was not prejudicial", *City and County of Honolulu v. Bennett*, 57 Haw. 195, 206, 552 P.2d 1380, 1388 (1976), we are persuaded to reverse the judgment on the issue of damages for retrial.

We, therefore, decline in the resolution of the remaining issues. However, upon remand for new trial, we suggest to the trial court that it advise the parties herein to seek proper amendments of the pleadings.

Our review of the record indicates that the conduct of the trial did not prejudice the jury finding on Island Holidays' claim for back rent. On remand, Island Holidays is precluded from raising this issue.

Judgment for summary possession and judgment for damages reversed and the case remanded for a new trial.

*Edward Y. N. Kim* for defendants-appellants, counter-claim plaintiffs-appellees.

*Masaji Marumoto* and *William F. Crockett* for plaintiffs-appellees, counterclaim defendants-appellants.