ROBERT W. HALL, Plaintiff-Appellant, *v.* AMERICAN
AIRLINES, INC., Defendant-Appellee

NO. 6346

OCTOBER 15, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order granting a directed verdict
at the close of the plaintiff-appellant's case. The question

presented is whether an airline is liable in damages in a situation in which a fare-paying passenger discovers an unsafe condition on board the airplane during a stop-over, brings it to the attention of the airline but the airline refuses to correct the condition and forces the passenger to choose between continuing the flight with the unsafe condition in existence or getting off the airplane. We hold that there is an action for damages in such a situation and that the directed verdict was improperly granted.

On November 29, 1972, appellant was a first-class fare-paying passenger on American Airlines flight No. 49 from New York to San Francisco. During a stop-over in Dallas, appellant, who was a pilot with considerable experience in the field of air cargo shipment, walked into the back of the plane and noticed that cargo consisting of mailbags was stowed in a number of passenger seats. Taking a closer look at the method of stowage, he came to the conclusion that the cargo was not properly tied down and could therefore become a hazard to passengers sitting forward of the cargo under certain conditions. From testimony adduced at trial from an FAA inspector and through the deposition of one of appellee's employees, it is obvious that numerous deficiencies in the securing of the cargo would have been readily apparent on inspection. Appellant called the alleged unsafe condition to the attention of the flight crew but nothing was done about it. The upshot was that appellant was given the choice of either flying in an airplane he deemed, and the jury could have found, was unsafe, or getting off the flight. He chose the latter. He got off the airplane and spent the night in Dallas, catching a flight on another airline the next day. He made strenuous efforts through conversations and telephone calls to American Airlines and FAA personnel to see that the flight did not continue. As a result of his protests, an FAA inspector met the airplane in San Francisco and found that the cargo was improperly stowed. The FAA assessed a fine of $1,000.00 against American Airlines which, without admitting liability, by way of compromise paid $775.00.

Appellant brings this action claiming general damages based upon emotional distress and punitive damages. Appel-

lant did not put in evidence evidence of the cost of his hotel room in Dallas or any other expenses arising out of the delay in his flight. (At oral argument, his counsel said that the omission was because appellant was interested in a principle, not damages.) At the close of appellant's case below, the court below directed a verdict for the appellee.

As has been said,

A directed verdict may be granted only when after disregarding conflicting evidence, giving the plaintiff's evidence all the value to which it is legally entitled, and indulging in every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said there is no evidence to support a jury verdict in his favor.

*Stewart v. Budget Rent-A-Car Corp.*, 52 Haw. 71, 77, 470 P.2d 240, 244 (1970); *Cafarella v. Char*, 1 Haw. App. 148, 615 P.2d 763 (1980). In this case, there was undisputed evidence that appellant and appellee entered into a contract of carriage by air from New York to San Francisco. There was evidence from which the jury could have found that the cargo placed in the rear of the passenger compartment was unsafely stowed and constituted a danger to the passengers seated forward thereof of whom appellant was one. It is undisputed that appellant called what he believed to be the unsafe condition to appellee's attention but that appellee did nothing to correct it. There is evidence that instead of correcting the condition, appellee gave appellant the choice of either getting off the airplane or flying on.

It seems obvious to us that a contract of common carriage carries with it an implied condition that the vehicle used for the carriage will be safe and that the carrier has no right, at least after the carriage has begun, to impose a condition upon the passenger that he either continue to ride in the unsafe vehicle or get off. Such action by the carrier we hold to be a breach of contract for which damages are recoverable.

As the Supreme Court of Hawaii held in *Ferreira v. Honolulu Star-Bulletin, Ltd.*, 44 Haw. 567, 356 P.2d 651 (1960), when a plaintiff's evidence is sufficient to go to the jury on the question of breach of contract, the plaintiff is entitled to have the jury determine whether or not it will render a verdict for

nominal damages in his favor even if he has not produced sufficient evidence to go to the jury on the question of damages for the breach. Therefore, it was error to grant a directed verdict at the close of the plaintiff's case.

On the question of damages for emotional distress, there was sufficient evidence from which inferences of wanton or willful conduct on the part of American Airlines in refusing to remedy the alleged unsafe condition could have been drawn by the jury. Accordingly, under Hawaii law, clearly such damages could have been found. *Chung v. Kaonohi Center Company*, 62 Haw. 594, 618 P.2d 283 (1980); *Dold v. Outrigger Hotel*, 54 Haw. 18, 501 P.2d 368 (1972). Appellee argues, however, that since the choice to fly in an unsafe airplane or get off the plane was foisted upon appellant in Texas, Texas law applies and Texas law forbids such damages absent physical injury. We are not at all sure that appellee correctly reads Texas damages law. *Compare Woodard v. Texas & P. Ry. Co.*, 86 S.W.2d 38 (1935). Nor can we adopt appellee's assumption that it is Texas law which applies. Unfortunately the record does not tell us where the contract of carriage was made. We do know that the flight originated in New York and was to terminate in San Francisco. Whether appellant had a continuing ticket to Honolulu and where that ticket was purchased is not revealed. From appellee's counsel's opening statement, it appears that the cargo in question was put on the airplane and tied down, to the extent that it was tied down, in New York. The discovery and the dispute arose in Dallas during a stop-over.

We understand that in an action for breach of a contract of carriage, the law of the place of origination of the carriage is applied in the absence of a more compelling interest in some other jurisdiction. 1 *Restatement of Conflict of Laws* 2d, § 197. Thus, it may be that the law of New York on the subject of what damages are allowable is what governs this case. Counsel have not enlightened us as to the New York law on this subject. The record on the matter is sketchy and the court below really never was presented with an opportunity to pass upon the question of what law should govern in this case.

What we have said with respect to damages for emotional

distress, and the conflict of laws problem inherent therein, applies with equal force to the matter of punitive damages.

At oral argument, counsel for appellant stated that his client was not interested in damages but that the case was one of principle. In view of that concession, the complex conflict of laws questions inherent in the record (which have not coherently been dealt with by the parties below or here) and in the interests of judicial economy, we follow *Ferreira, supra,* reverse the judgment below and remand the case for a new trial, unless within ten (10) days from receipt of the mandate herein by the trial court or such additional time as the trial court may allow, the appellee consents in writing to the entry of judgment in favor of appellant for One Dollar ($1) and his costs.

Reversed and remanded.

*Bert S. Sakuda (Allen S. Haley* on the briefs, *Cronin, Fried, Sekiya, Haley & Kekina* of counsel), for plaintiff-appellant.

*Richard E. Stifel (Goodsill, Anderson & Quinn* of counsel), for defendant-appellee.