**RESCO, INC., Plaintiff,**

v.

**FOUNDERS TITLE GROUP, INC., Defendant.**

**Civ. No. 90–00529.**

United States District Court, D. Hawaii.

Dec. 6, 1990.

Paul Alston, Shelby Anne Floyd, Paul, Johnson, Alston & Hunt, Honolulu, Hawaii, for plaintiff.

Edward Jaffe, Shana Chung, Torkildson, Katz, Jossem, Fonseca, Jaffe & Moore, Honolulu, Hawaii, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM FOR RELIEF

FONG, Chief Judge.

This matter is before the court on defendant Founders Title Group Inc.'s ("Founders") motion to dismiss plaintiff Resco, Inc.'s ("Resco") Third Claim For Relief in its First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Based on the arguments of counsel, the pleadings, files and record therein, the court denies defendant's motion to dismiss.

### I. *Background*

On May 24, 1990, plaintiff filed a complaint in the Circuit Court of the First Circuit, State of Hawaii, seeking injunctive relief and damages for an alleged breach of an option contract. Thereafter, on June 14, 1990, plaintiff filed a first amended complaint against defendant.

Plaintiff's first amended complaint alleged that in May 1987 plaintiff and defendant entered into an option contract where-

by defendant granted plaintiff the option of purchasing, for $25,000, one-half of the outstanding common stock that defendant owned in Founders Title Corporation of Hawaii ("Founders Hawaii"). The First Amended Complaint further alleged that the option agreement entitled plaintiff to exercise its right to purchase the stock at any time before December 31, 1990. Plaintiff's Third Claim For Relief in the First Amended Complaint alleges that defendant tortiously breached the option contract.

On July 9, 1990, defendant removed this action to this court pursuant to 28 U.S.C. § 1441(a) which provides that any civil action brought in a state court may be removed by the defendant if a federal district court has original jurisdiction thereof. This court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity jurisdiction) since the instant action is between citizens of different states (plaintiff is a citizen of Hawaii and defendant is a citizen of California) and the value of the amount in controversy exceeds $50,000, exclusive of interest and costs.

On July 16, 1990, defendant filed a motion to dismiss plaintiff's tortious breach of contract claim. Plaintiff filed a memorandum in opposition to this motion on August 23, 1990. In its memorandum, plaintiff requested this court to impose Rule 11 sanctions on defendant for the stated reason that defendant's motion was frivolous and was filed for the purpose of impeding plaintiff's prosecution of the instant case.[1]

In its motion to dismiss, defendant argues that plaintiff has failed to state a claim for which relief may be granted because Hawaii law does not recognize a cause of action for tortious breach of contract. In response, plaintiff maintains that Hawaii law does indeed recognize the tortious breach of contract claim and supports this contention by citing the case of *Dold v. Outrigger Hotel*, 54 Haw. 18, 501 P.2d 368 (1972).

## II. Standard of Review

Defendant has brought its motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Rule 12(b) of the Federal Rules of Civil Procedure provides as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted....

When considering defendant Founders' 12(b)(6) motion, this court cannot dismiss plaintiff's tortious breach of contract claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sun Savings & Loan Association v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 112, 2 L.Ed.2d 80 (1957)); *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir.1980); *California ex. rel. Younger v. Mead*, 618 F.2d 618, 620 (9th Cir.1980).

In evaluating the terms of the complaint, this court must presume all of plaintiff's factual allegations to be true and must draw all reasonable inferences in its favor as the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## III. Discussion

### A. Existence of a "Tortious Breach of Contract" Right of Action

■ In the seminal case of *Dold v. Outrigger Hotel*, 54 Haw. 18, 22, 501 P.2d 368 (1972), the Hawaii Supreme Court held that "where a contract is breached in a wanton or reckless manner as to result in a tortious injury, the aggrieved person is entitled to recover in tort." *Dold* involved a hotel's breach of a contract with one of its guests who had reservations to stay at the hotel. The hotel overbooked and the

---

1. At oral argument plaintiff withdrew its request for Rule 11 sanctions. Therefore, this issue is no longer before the court.

guests were forced to accept accommodations at a lesser hotel. 54 Haw. at 19, 501 P.2d 368.

*Dold* has been consistently reaffirmed and applied in Hawaii. In *Island Holidays, Inc. v. Fitzgerald,* 58 Haw. 552, 574 P.2d 884 (1978) and *Uyemura v. Wick,* 57 Haw. 102, 551 P.2d 171 (1976), both involving breach of contract actions, the Hawaii Supreme Court applied the *Dold* ruling but found that defendants had not breached the contract in a sufficiently "wanton or reckless manner" to justify the imposition of tort damages. *See also Leong v. Takasaki,* 55 Haw. 398, 403, 520 P.2d 758 (1974) (citing *Dold* with approval in a tort case not involving contractual issues).

In *Chung v. Kaonohi Center Company,* 62 Haw. 594, 618 P.2d 283 (1980) the Hawaii Supreme Court extended the *Dold* holding to commercial contracts. *Chung* involved the breach of a contract between two commercial entities. The contract provided for the lease of a fast-food concession space in a shopping mall. 62 Haw. at 596, 618 P.2d 283. After entering into the contract, though, defendants proceeded to negotiate with other parties for the lease of plaintiff's space. *Id.* at 597, 618 P.2d 283. When questioned by plaintiff about the negotiations, defendant denied they were taking place. Defendant then leased the space to another party and repudiated its contract with plaintiff. *Id.* The court concluded that the contract breach in *Chung* was "reprehensible and clearly amounted to wanton and/or reckless conduct sufficient to give rise to tort liability." *Id.* at 602, 618 P.2d 283.

In its memorandum in support of its motion to dismiss, defendant makes no reference to the *Dold* line of cases and asserts that tortious breach of contract is not recognized as a cause of action in Hawaii. In support of its assertion, defendant cites

*Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625 (1982). In *Parnar,* the Hawaii Supreme Court refused to adopt a rule that an *employer* has an implied duty to terminate an *employee* in good faith. 65 Haw. at 377, 652 P.2d 625. However, there are two reasons why the holding in *Parnar* is distinguished from the case at bar.

First, *Parnar* concerns at-will employment contracts. The instant case deals not with an at-will employment contract but rather with an option agreement to purchase stock. Second, *Parnar* refused to recognize a new cause of action sounding in *contract,* to wit, the breach of a duty implied in the contract to discharge an employee in good faith.[2] The *Parnar* court alluded to the contractual nature of the claim in the following passage:

> Appellees contend that, even assuming the existence of a *contractual* action for breach of such a duty in this jurisdiction, Parnar adduced no evidence of bad faith sufficient to withstand the motion for summary judgment. We find it unnecessary to determine whether genuine issues of material fact precluded summary judgment on this claim since we refuse to recognize such a claim.

65 Haw. at 377, 652 P.2d 625 (emphasis added).

In contrast, the cause of action defendant moves to dismiss in the present case sounds in *tort.* Tortious breach of contract involves a tort (a willful and/or reckless breach) that happens to be committed in the course of contractual activities.

The confusion dissipates when one realizes that the breach of a duty created by a contract gives rise to a cause of action sounding in contract. However, one may breach a duty created by a contract in such

---

**2.** To buttress its argument, defendant requests that this court take judicial notice of unpublished rulings in *Mattoch v. Budget Rent–A–Car Systems, Inc.,* D. Hawaii Civil No. 85–0839 (Feb. 6 and April 9, 1987) in which this court found that there is no common law tort for breach of the implied covenant of good faith and fair dealing. To support its ruling in *Mattoch,* this court cited *Parnar,* which holds, as quoted *infra,*

that breach of the implied covenant of good faith and fair dealing constitutes breach of a *contractual* duty. However, in the case at hand, plaintiff asserts a claim for "tortious breach of contract" which consists of breaching a duty *not* created by the contract and thus constitutes a tort. Thus *Mattoch,* which deals with the covenant of good faith and fair dealing, does not apply to the case currently before this court.

an egregious fashion as to implicate the breach of another duty, not created by the contract. This duty mandates that one contracting party refrain from intentionally injuring another contracting party by the means of breaching a contract.

In the instant case, the plaintiff may not be precluded from suing for tortious breach of contract simply because he incidentally has a remedy for breach of contract. *Dold* and its progeny clearly stand for the proposition that the same set of facts may give rise to both tort and contract causes of action.

As mentioned previously, in its memorandum in support of its motion to dismiss, defendant Founders fails to acknowledge *Dold*. Then, in response to plaintiff Resco's citation of *Dold* in Resco's opposition, defendant misconstrues the holding in *Dold*.

More specifically, in its reply memorandum defendant attempts to distinguish *Dold* by claiming it stands for the proposition that "one kind of traditional tort damages, 'damages for emotional distress and disappointment,' could be available as part of an ordinary breach of contract claim in the event of a 'wanton or reckless breach.'" (Defendant's Reply Brief at 3). By doing so, defendant ignores *Dold*'s "tortious" breach of contract language by its characterization of tortious breach of contract as a contract claim giving rise to damages for emotional distress.[3]

As an additional argument in support of its position, defendant would like this court to believe that there is a "trend," both in Hawaii and nationally, toward dismantling the tortious breach of contract claim. To this end, defendant makes reference to the Hawaii legislature's amendment of H.R.S. Chapter 480 to eliminate private non-consumer treble damage suits for unfair and deceptive trade practices.

However, this legislative development is not germane to the existence of the tortious breach of contract claim in Hawaii. Moreover, the additional evidence defendant marshals in support of its position hardly hints of a "trend" away from the *Dold* decision or of the demise of the tortious breach of contract claim on the national level.

For example, defendant cites *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213–219, 105 S.Ct. 1904, 1912–1915, 85 L.Ed.2d 206, 217–220 (1985), which applies to the present case only insofar as it indirectly involves an alleged tortious breach of an agreement. However, the holding in *Allis–Chalmers* stands for the proposition that claims for tortious breach of collective bargaining agreements are preempted by Section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185(a). Thus, *Allis–Chalmers* turns on principles of labor and constitutional law, not tort law.

Finally, defendant attempts to adduce further evidence of a national "trend" away from recognizing the tortious breach of contract claim by citing *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal. Rptr. 211, 227, 765 P.2d 373, 389 (1988). *Foley* is a California case which essentially follows the ruling in *Parnar* by refusing to adopt a rule that an employer has an implied contractual duty to terminate in good faith.

Overall, defendant is unable to distinguish the *Dold* line of cases. Because *Dold* plainly recognizes the existence of a tortious breach of contract claim in Hawaii, defendant's argument to the contrary is without merit and plaintiff has successfully stated a claim for which relief may be granted.

### B. *Appropriate Damages*

In paragraph 13 of its First Amended Complaint, plaintiff prays for compensatory and punitive damages for its tortious breach of contract claim. In its motion to dismiss, defendant maintains that punitive damages may not be awarded for a tortious breach of contract claim since, as defendant claims, *Dold* limits legal remedies for

---

**3.** A discussion of the appropriate damages for the tort of tortious breach of contract will follow, *infra*.

tortious breach of contract claims to damages for emotional distress and disappointment.

However, the *Dold* court refused to limit plaintiffs "to the narrow traditional contractual remedy of out-of-pocket losses alone." 54 Haw. at 22, 501 P.2d 368. Instead, the court recognized that since tortious breach of contract was indeed a tort, it gave rise to the full panoply of tort remedies:

> Though some courts have strained the traditional concept of compensatory damages in contract to include damages for emotional distress and disappointment, we are of the opinion that where a contract is breached in a wanton or reckless manner as to result in a tortious injury, the aggrieved person is entitled to recover in tort. Thus, in addition to damages for out-of-pocket losses, the jury was properly instructed on the issue of damages for emotional distress and disappointment.

*Id.* (citation omitted).

 Thus, as a tort, tortious breach of contract does indeed entitle a plaintiff to damages for emotional distress and disappointment. However, in its memorandum in support of its reply, defendant argues that the *Dold* ruling turns on breach of contract analysis, not tortious breach of contract analysis. Thus, it continues, in awarding damages for emotional distress and disappointment, the court merely stretched the traditional boundaries of contractual compensatory damages (Defendant's Reply at 3, paragraph 2) and this necessarily precludes any future award of punitive damages for this claim. Obviously, the quotation from *Dold* cited above directly contradicts defendant's argument, since *Dold* involves a tort and punitive damages may be awarded to the victim of a tort in factually appropriate situations.

Nevertheless, after claiming that *Dold* and its progeny did not create a cause of action for tortious breach of contract, defendant goes on to admit that if the tortious breach of contract claim did exist, all tort damages would be available for such a claim, including punitive damages.

In defendant's own words: "none of the Hawaii Supreme Court cases upon which Plaintiff purports to rely establish a separate cause of action for 'tortious breach of contract,' for which all generally available tort remedies, including punitive damages, can be obtained in a factually appropriate case." (Defendant's Reply at 3, paragraph 1).

Since *Dold* clearly does recognize the tortious breach of contract right of action, defendant admits that plaintiff could be entitled to punitive damages in a factually appropriate situation. Hawaii case law agrees. *See, e.g., Dold*, 54 Haw. at 22, 501 P.2d 368; *Island Holidays*, 58 Haw. at 569, 574 P.2d 884.

### IV. *Conclusion*

Based upon the holdings of *Dold v. Outrigger Hotel*, 54 Haw. at 18, 501 P.2d 368 and its progeny, this Court DENIES the defendant's motion to dismiss.

IT IS SO ORDERED.