OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an appeal from a judgment of Rochester City Court dismissing a complaint filed by the plaintiff. Plaintiff is an attorney who commenced an action in Rochester City Court to recover attorney’s fees due and owing as a result of the plaintiff’s representation of defendant in a proceeding to recover unpaid child support. The defendant served an answer asserting a denial to the claim and alleging that a complaint had been filed through the fee arbitration program and such complaint was still pending. The matter was referred to arbitration in Rochester City Court and ultimately dismissed in that the matter should be resolved through the matrimonial fee arbitration program and not the City Court civil arbitration program.
Plaintiff then demanded a trial de novo in Rochester City Court. Within the context of that action plaintiff sought to challenge the constitutionality of the court rules as applied to the case. Rochester City Court apparently declined to consider *704 the challenge and in effect denied the challenge to the rules and dismissed the action since the matter involved a fee arbitration in a domestic relations matter and the court rules provided for such a matter to be properly pending before the fee arbitration administrator (see, 22 NYCRR 136.1 et seq.).
Plaintiff challenges the application of these rules to this matter on the following grounds: the rules of the Chief Judge conflict with the provisions of the Civil Practice Law and Rules; the rules fail to provide for a trial de novo and thus violate the United States Constitution in that plaintiff is denied the right to a jury trial in a “suit at common law where the value of the controversy exceeds twenty dollars”; the rules violate the equal protection provisions of the United States Constitution in that they select attorney’s fees in domestic relations matters and thus create a separate class for which there is no rational relationship between the singling out of such attorneys in fee disputes involving domestic relations matters and a legitimate governmental interest.
The court concludes based upon a review of the rules and constitutional law that the rules are in fact constitutional in all respects and the judgment of Rochester City Court dismissing the complaint shall be affirmed.
The court rules were promulgated by the Chief Judge and the Administrative Board of the Courts of the State of New York in accordance with their authority to regulate the practice of law (see, Judiciary Law § 90 [2]). The rules provide in pertinent part the following:
In any matter involving a fee dispute in a domestic relations matter the client may seek to resolve the matter by fee arbitration (22 NYCRR 136.2).
The Administrative Judge is responsible for the administration of the fee arbitration program and has the option of rejecting lawsuits in which a substantial question of law exists (22 NYCRR 136.4, 136.5).
When an attorney institutes an action for recovery of fees such attorney must allege in the complaint that the client received notice of the right to pursue arbitration (22 NYCRR 136.5).
The rules further outline the procedures for arbitration including response, • rules of evidence, burden of proof and review of the arbitration decision. (22 NYCRR 136.6-136.9; Rules of App Div, All Depts [22 NYCRR] § 1400.7; see, CPLR art 75.)
*705 The argument that the rules conflict with the statutory requirements that any action for a money judgment must permit a jury trial de novo after an unsuccessful attempt at arbitration is without merit since the application of such statute is limited by its own terms to actions “pending in any court” (see, CPLR 3405). The fee arbitration rules restrict the manner in which such disputes may be “pending in any court” in that no court would have jurisdiction to hear a matter involving a dispute regarding attorney’s fees for services rendered in a domestic relations matter unless certain conditions were met (see generally, 22 NYCRR 136.1 et seq.). The rules therefore do not conflict with such requirement. The matter could not be deemed pending in the case at bar because the conditions precedent to the filing of the action were not met and thus the trial court could not have jurisdiction since the matter was pending a fee arbitration determination. (See, 22 NYCRR 136.5.)
The matrimonial fee arbitration program has a separate authority source in the rules.and the Chief Judge has properly designated the Chief Administrator of the Courts to so promulgate rules and procedures with the approval of the Administrative Board of the Courts. Such authority is consistent with the authority of the courts to regulate the practice of law and oversee the conduct of attorneys (Judiciary Law § 90 [2]) and is not inconsistent with the statutory law (see, e.g., CPLR 3405). The Court of Appeals has explicitly recognized that the courts’ authority includes the regulation of the types of fees charged (see, Matter of First Natl. Bank v Brower, 42 NY2d 471 [1977]). Attorneys are members of a respected and long-standing profession. They are subject to a code and standards which control what fees may be charged (see, Matter of Freeman, 34 NY2d 1 [1974]; Theroux v Theroux, 145 AD2d 625 [2d Dept 1988]; Code of Professional Responsibility DR 2-106 [22 NYCRR 1200.11]). The court therefore concludes that the rules do not conflict with the existing statutory law.
The appellant further challenges the fee arbitration requirements as a violation of the United States and the New York State Constitutions (US Const 7th Amend; NY Const, art I, § 2). The right to a jury trial in a suit at common law for more than $20 is guaranteed by the Seventh Amendment to the United States Constitution. The United States Supreme Court has held that such guarantee is not incorporated in the Fourteenth Amendment in that such amendment only applies to Federal actions and not to State actions (see, Minneapolis & St. Louis R. R. v Bombolis, 241 US 211 [1916]).
*706 The claim that such provisions violate the appellant’s right to a trial by jury under the New York State Constitution hinges on an analysis of whether or not the claim is considered legal or equitable and if deemed legal what would be an available remedy (NY Const, art I, § 2; see, Matter of DES Mkt. Share Litig., 79 NY2d 299 [1992]). The courts have consistently analyzed such cases as involving claims in the nature of quantum meruit and thus held such actions to be equitable in nature and therefore not mandating a right to jury trial (see, e.g., Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454 [1989]; Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877 [3d Dept 1997]; Fennell & Minkoff v Wall St. Transcript Corp., 239 AD2d 160 [1st Dept 1997]; Finkelstein v Kins, 124 AD2d 92 [1st Dept 1987]). The cases have sometimes confused the issue based upon a different stated claim but ultimately the law applied is the settled law related to an equitable action to recover fees for the fair and reasonable value of the services rendered by an attorney on behalf of a client (see, Connolly v Griffin, 201 AD2d 371 [1st Dept 1994]).
The final constitutional argument raised by counsel that the rules deny an attorney equal protection of the law in that such rules only apply to matrimonial lawyers or only to fees that an attorney seeks in a domestic relations case is without merit. Since matrimonial lawyers are not deemed a suspect class the equal protection analysis quite simply requires that a rational basis exist for such treatment based upon a valid governmental interest. A strong presumption of validity accompanies such classification (see, Heller v Doe, 509 US 312 [1993]). Here, the rational basis test is met on two levels: first, the State’s interest in regulating the legal profession to provide a program which seeks to remedy and provide an efficient and fair system to regulate attorney’s fees and maintain public confidence in the legal system, and second, the desire to minimize the burden on attorneys in recovering legal fees in a timely and fair fashion (see, Goldfarb v Virginia State Bar, 421 US 773 [1975]; Guralnick v Supreme Ct., 747 F Supp 1109 [D NJ 1990]). The regulation of the legal profession is a compelling State interest which passes the rational basis test that applies with respect to appellant’s equal protection claim (see, Goldfarb v Virginia State Bar, supra, at 792).
The Administrative Board of the Courts in its discretion appointed the Committee to Examine Lawyer Conduct in Matrimonial Actions. Such committee included in its membership one Court of Appeals Judge, a Justice from each Appellate *707 Division, and several practicing attorneys, to investigate concerns and recommend reform regarding issues stemming from legal representation in domestic relations matters. The rules that are the subject of this appeal were the result of this extensive and thorough inquiry into the state of the practice of matrimonial law at the time (22 NYCRR part 1400). Although 22 NYCRR part 1400 is currently limited to fee disputes in matrimonial cases, the State’s interests in regulating attorney fees, maintaining public confidence in the legal system, and enabling attorneys to collect their fees in a fair and timely manner is evidenced by the subsequent creation of the Committee on the Profession and the Courts by the Chief Judge which recommended that such rules be extended to fee disputes in nonmatrimonial matters. The history of the creation of the rules clearly negates appellant’s claim that the rules unconstitutionally apply to matrimonial attorneys.
The court further notes that the fact that the regulation of fees is limited at this time to attorney fee disputes in domestic relations cases does not defeat the rational basis for that regulation in that the approach is incremental (see, Dandridge v Williams, 397 US 471 [1970]; Williamson v Lee Opt. Co., 348 US 483 [1955]).
The court thus concludes that the action was properly dismissed and that the challenges to the constitutionality of the matrimonial fee arbitration are without merit. Accordingly, the decision of the Rochester City Court is affirmed.