LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 28316

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAII  2010 AUG 31 AM 8:57  FILED

A. EDWARD FYFFE, JR., Plaintiff-Appellant, v. EVA HUE,
in her capacity as Trustee of the EVA M. HUE
REVOCABLE TRUST dated June 29, 1981; DOUG DAVIS;
ALVIN T. ITO, BOB COOK REALTORS, INCORPORATED, a
Hawaii corporation; ROBERT L. COOK, JR.; CATHY-
ANNE DESCOTEAUX (YOUNG), and MARK DONNELLY,
Defendants-Appellees, and CATHY-ANNE DESCOTEAUX
(YOUNG); JOHN DOES 1-10; JANE DOES 1-10; DOE
CORPORATIONS 1-10; AND DOE PARTNERSHIPS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-0688)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Plaintiff-Appellant A. Edward Fyffe (Fyffe), an
attorney appearing pro se, appeals from the November 16, 2006
Final Judgment of the Circuit Court of the First Circuit (circuit
court)[1] in favor of Eva Hue, in her capacity as Trustee of the
Eva M. Hue Revocable Trust (Hue); Doug Davis (Davis), Hue's real
estate agent; Alvin T. Ito (Ito), Hue's former attorney; Bob Cook
Realtors, Inc., Robert L. Cook, Jr., and Cathy-Anne Descoteaux

---

[1] The Honorable Bert I. Ayabe entered the Final Judgment. The Honorable
Kenneth E. Enright entered the August 12, 2003 "Order Granting Defendant Alvin
Ito's Motion to Dismiss First Amended Complaint (Filed on May 27, 2003)" and
the August 18, 2003 "Order Granting Specially-Appearing Defendants Bob Cook
Realtors, Robert L. Cook, Jr., and Cathy Anne Descoteaux (Young)'s Motion to
Dismiss Plaintiff's First Amended Complaint Filed on April 11, 2003." The
Honorable Dexter D. Del Rosario entered the December 16, 2003 "Order Granting
Defendants Eva Hue, in her capacity as Trustee of the Eva M. Hue Revocable
Trust dated June 29, 1981, and Doug Davis'[s] Motion for Summary Judgment
Filed on August 7, 2003," the January 9, 2004 "Order Granting Defendant Doe
No. 1 Mark Donnelly's Motion to Dismiss First Amended Complaint filed June 2,
2003 or in the Alternative for Summary Judgment," and the May 25, 2004 "Order
Granting Defendant Mark Donnelly's Motion for Sanctions, Attorney's Fees and
Costs, Filed February 11, 2004, and Defendants Eva Hue, in her capacity as
Trustee of the Eva M. Hue Revocable Trust, Dated June 29, 1981, and Doug
Davis'[s] Joinder in Defendant Donnelly's Motion for Sanctions, Attorney's
Fees and Costs Filed February 11, 2004, Filed February 13, 2004."

(Young) (collectively, Property Managers); and Mark Donnelly (Donnelly), a prospective home buyer (collectively, Defendants). Fyffe also challenges the award of attorneys fees and costs in Defendants' favor.

Fyffe alleged in his complaint that Hue breached a contract to sell him certain real estate located along Matsonia Drive in Honolulu (the Property) where he had lived for several decades; that Hue, Ito, and Davis made material misrepresentations to Fyffe; and that Davis and Property Managers tortiously interfered with the contract between Hue and Fyffe. Fyffe demanded specific performance or damages for the breach from Hue and damages for the torts from the remaining Defendants.

Upon careful review of the record and having given due consideration to the arguments advanced by the parties, as well as the relevant law, we resolve Fyffe's points of error as follows:

(1) The circuit court properly treated Defendants' motions to dismiss as motions for summary judgment. Where "matters outside the pleadings [were] presented to and not excluded by the court[,]" a motion to dismiss under Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b) is converted into a motion for summary judgment and treated accordingly under HRCP Rule 56. Richards v. Midkiff, 48 Haw. 32, 38, 396 P.2d 49, 54 (1964) (citations and internal quotation marks omitted). Given that the circuit court reviewed the court records, files, and arguments of counsel, it considered matters beyond the pleadings and appropriately treated the Defendants' motions for dismissal as motions for summary judgment.

(2) The circuit court did not err in granting summary judgment in favor of Hue on Fyffe's specific performance and breach of contract claims because there was no enforceable contract.

2

Fyffe takes alternative positions regarding how he and Hue finalized an agreement to buy and sell the property. In his opening brief, Fyffe argues that the terms of the agreement are memorialized in a document dated March 8, 2003, but in his reply brief Fyffe claimed that he and Hue had struck an oral agreement "long before," perhaps in the late 1990s.

The "agreement" made in the 1990s that Fyffe would buy the property "subject to financing" cannot be legally enforced because it is imprecise when stating the time and manner of payment, essential terms of a contract for the sale of land. In re Sing Chong Co., Ltd., 1 Haw. App. 236, 239, 617 P.2d 578, 581 (1980). Because the agreement was that the sale would be made "subject to financing" but "the financing clause lack[ed] sufficient definiteness for a court to determine the terms of financing, the entire agreement is unenforceable." Nodolf v. Nelson, 309 N.W.2d 397, 398-99 (Wis. Ct. App. 1981) (citations omitted). As such, the statements Hue allegedly made in the 1990s were "[m]ere expressions of an intention to convey land at a future time." Molokai Ranch, Ltd. v. Morris, 36 Haw. 219, 227 (Haw. Terr. 1942).

The March 8, 2003 document relied upon by Fyffe does not comply with the Statute of Frauds because Hue had not signed it. Hawaii Revised Statutes (HRS) § 656-1 (1993). Nevertheless, Fyffe urges that the terms of the document be enforced as an oral contract, regardless of the fact that the document states that Hue's written acceptance was a condition precedent to enforcement of the contract. Although parties who have expressly agreed that they shall not be bound until a written document has been signed and delivered may bind themselves by a subsequent oral contract, 1 Joseph M. Perillo, Corbin on Contracts § 2.10 (Rev. ed. 1993), Fyffe offered no proof, compliant with HRCP Rule 56(e), of Hue's intent to be bound without her signature. Therefore, Fyffe failed to raise a genuine issue of material fact as to the existence of an oral agreement, making summary judgment against

Fyffe appropriate.  See Island Holidays, Inc. v. Fitzgerald, 58
Haw. 552, 563, 574 P.2d 884, 891 (1978).

Because Fyffe failed to show there was an enforceable
contract, we need not consider whether the actions he cites as
part performance were sufficient to remove the bar of the Statute
of Frauds.

(3)  The circuit court did not err in granting summary
judgment to Davis on the misrepresentation claims.  We agree with
Davis that there is no admissible evidence of the alleged
misrepresentation.  Fyffe's declaration stating that Davis
"blithely announced to both [Fyffe] and [Fyffe]'s mortgage broker
that [Fyffe] 'is not able to do the loan'" does not appear to be
"made on personal knowledge" nor does it "show affirmatively that
[Fyffe] is competent to testify to the matters stated therein,"
as required by HRCP Rule 56(e).  Although Fyffe could attest to
what Davis allegedly said to him, Fyffe has not shown how he as
the recipient relied upon the misrepresentation.  See Blair v.
Ing, 95 Hawai'i 247, 269, 21 P.3d 452, 474 (2001).  Fyffe does
not aver that he was present when Davis allegedly made the
comment to Fyffe's mortgage broker.  As such, Fyffe's
declarations provide no basis to deny summary judgment to Davis
on the misrepresentation claim.

(4) Summary judgment in favor of Davis, Ito, the
Property Managers, and Donnelly was not erroneous where Fyffe
alleged tortious interference with contractual relations but
failed to show there was an oral or written contract, an
essential element of the tort.  Lee v. Aiu, 85 Hawai'i 19, 32,
936 P.2d 655, 668 (1997).  Fyffe's alternative suggestion that
they had tortiously interfered with prospective contractual
relations was not timely pleaded.  See HRCP Rule 15(a).

(5)  Fyffe failed to cite any law supporting his claim
that he was denied equal protection as one of a class of "lawyers
of some age and inexperience."  A wealth of case law, however,

denies suspect class status to lawyers in general and lawyers with certain expertise in particular. See, e.g., Onyiuke v. New Jersey State Supreme Court, 435 F. Supp. 2d 394, 405 (D.N.J. 2006) ("[L]awyers are not a suspect class for equal protection purposes[.]"); Bertleson v. Sacks Tierney, P.A., 60 P.3d 703, 707 (Ariz. Ct. App. 2002) ("Lawyers are not a suspect class within the meaning of equal protection jurisprudence.") (citation and internal quotation marks omitted); Nodvin v. State Bar of Georgia, 544 S.E.2d 142, 145 (Ga. 2001) ("attorneys are not a protected 'suspect class'"); State ex rel. Oklahoma Bar Ass'n v. Minter, 961 P.2d 208, 214 (Okla. 1998) ("Lawyers are not a suspect class."); Williams v. Foubister, 673 N.Y.S.2d 840, 843 (N.Y. Co. Ct. 1998) (matrimonial lawyers not a suspect class). Fyffe's contention that the circuit court created a new suspect class comprised of a subset of lawyers is meritless.

(4) The circuit court erred in awarding attorneys' fees to Donnelly and Davis but did not err in awarding fees to Hue.

Although generally each party pays its litigation expenses, if a statute, stipulation, or agreement so provides, a prevailing party may shift the fees to its opponent. TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) (citations omitted). The circuit court relied on HRS § 607-14 (Supp. 2004), which states that the losing party in assumpsit actions may be assessed the opposing parties' attorneys' fees. Because Fyffe's claims against Donnelly and Davis sounded in tort rather than assumpsit, the circuit court abused its discretion in granting fees to Davis and Donnelly under HRS § 607-14. Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawai'i 251, 281-82, 151 P.3d 732, 762-63 (2007).

However, Fyffe demanded specific performance and damages against Hue for breach of contract. Where specific performance is the requested remedy, the action is not in the nature of assumpsit and HRS § 607-14 does not apply. Smothers v.

Renander, 2 Haw. App. 400, 404-05, 633 P.2d 556, 561 (1981). However, Fyffe's alternative prayer against Hue was for damages for the breach and also requested attorneys' fees, which "is a significant indication that the action is in assumpsit." Kahala Royal Corp., 113 Hawai'i at 281, 151 P.3d at 763 (citation omitted). In cases such as this, which involve both assumpsit and non-assumpsit claims, a court "must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (emphasis omitted). The court must examine whether claims where attorneys' fees are allowed can be segregated from claims where they are not allowed, which can be done by looking at whether the claims "involve a common core of facts or are based on related legal theories." Porter v. Hu, 116 Hawai'i 42, 67-68, 169 P.3d 994, 1019-20 (App. 2007). Fyffe's demands for damages and specific performance were based on a common set of facts and argued simultaneously before the circuit court. As such, it would be "impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims." Kahala Royal Corp., 113 Hawai'i at 282, 151 P.3d at 763 (quoting Blair, 96 Hawai'i at 333, 31 P.3d at 190) (internal quotation marks omitted). Accordingly, the circuit court did not abuse its discretion in awarding attorneys' fees to Hue. However, Hue's attorney, who also represented Davis, submitted a joint billing to the court in his request for attorneys fees, and the record does not reflect an apportionment between his clients' respective fees. Similarly, the record does not reflect what apportionment, if any, the circuit court[2] made between the attorneys' fees attributable to the assumpsit claim against Hue and the non-assumpsit claim against Davis.

Therefore, IT IS HEREBY ORDERED that the November 16, 2006 Final Judgment is AFFIRMED. The attorneys' fees awards to

---

[2] The Honorable Dexter D. Del Rosario issued the May 25, 2004 order awarding attorneys' fees.

Donnelly and Davis are vacated.  The case is remanded for a redetermination of the attorneys' fee award to Hue.

DATED:  Honolulu, Hawai'i, August 31, 2010.

On the briefs:


A. Edward Fyffe, Jr.,
Plaintiff-Appellant pro se.

Keith K. Hiraoka,
Jodie D. Roeca
(Roeca, Louie & Hiraoka)
for Defendant-Appellee
Alvin T. Ito.

Douglas H. Knowlton
and Toby M. Tonaki,
for Defendant-Appellees Eva
Hue, Doug Davis, Bob Cook
Realtors, Inc., Robert L.
Cook, Jr., and
Cathy-Anne Descoteaux-(Young).

Presiding Judge

Associate Judge

Associate Judge

7